**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JAMES P. BARRON, JR.**                                                                                  **PLAINTIFF**

**VERSUS**                                                                                 **CIVIL ACTION NO. 1:18-cv-20-MTP**

**NANCY A. BERRYHILL,**
*Acting Commissioner of Social Security*                                                 **DEFENDANT**

**OPINION AND ORDER**

Plaintiff James P. Barron, Jr. brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for disability insurance benefits. Having reviewed the parties' submissions, the record, and the applicable law, the Court finds that the Commissioner's final decision should be affirmed.

**PROCEDURAL HISTORY**

Plaintiff, aged twenty-five (25) at the time of his alleged disability onset, filed for disability insurance benefits on November 18, 2016. Administrative R. [10] at 26, 121, 189. After the Social Security Administration (SSA) denied Plaintiff's claim, a hearing was held before an Administrative Law Judge (ALJ) on July 25, 2017. *Id*. at 54. After the hearing, the ALJ issued an opinion in which he considered Plaintiff's impairments related to his degenerative disc disease, depression, anxiety, apnea/insomnia, and marijuana abuse. *Id*. at 14. The ALJ concluded, after considering the testimony offered at the hearing and the record, that Plaintiff was not disabled and was not entitled to disability benefits. *Id*. at 27. Plaintiff then requested review of the ALJ's decision. *Id*. at 10-11. The Appeals Council denied review of the ALJ's decision, and the ALJ's opinion became the final decision of the Commissioner. *Id*. at 4. This appeal followed.

# ADMINISTRATIVE LAW JUDGE'S DECISION

In his opinion, the ALJ applied the five-step analysis found in 20 C.F.R. § 404.1520(b)-(g)[1] and found that Plaintiff was not disabled according to the SSA definition.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 4, 2013. Administrative R. [10] at 17.   At step two, the ALJ found that plaintiff suffered from the following severe impairments: degenerative disc disease status post fusion syndrome, depression, anxiety, apnea/insomnia, and marijuana abuse.  *Id*.  The ALJ further noted that the marijuana abuse was not a contributing factor in the determination that Plaintiff was not disabled.  *Id*.

At step three, the ALJ found that Plaintiff did not meet the standard for any of the listed impairments.  *Id*. at 17-18.  Specifically, the ALJ considered Listing 1.04 for spinal disorders, and 12.04 and 12.06 for mental impairments, but determined that Plaintiff's ailments did not satisfy the criteria for these Listings.  *Id*. at 18.

The ALJ then found that Plaintiff was able to perform sedentary work but could only lift fifteen pounds occasionally and ten pounds frequently.  *Id*. at 20.  The residual functional

---

[1] This analysis requires the ALJ to make the following determinations:
   (1) whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);
   (2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);
   (3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);
   (4) whether the impairment prevents the claimant from doing past relevant work (if not, a finding of "not disabled" is made);
   (5) whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).
*See* 20 C.F.R. §§ 404.1520, 416.920.  The burden of proof rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

capacity (RFC) also included that Plaintiff had some degree of limitation related to walking, standing, and using his left-lower extremity. *Id*. Further, Plaintiff could not perform work involving commercial driving, heights, hazardous machinery, climbing ladders, or crowds in his work space, but he could carry out detailed instructions and occasionally interact with the public. *Id*.

At step four, the ALJ found that Plaintiff was not able to perform his past relevant work. *Id*. at 25. At step five, the ALJ considered the testimony of a vocational expert (VE) and found that Plaintiff could still perform work that was available in significant numbers in the national economy. *Id*. at 26. The VE testified that Plaintiff could work as a semiconductor assembler, a patcher, or a lens inserter. *Id*. at 26-27. Consequently, after performing the five-step sequential analysis, the ALJ found that Plaintiff was not disabled. *Id*. at 27.

## STANDARD OF REVIEW

This Court will only review the Commissioner's denial of benefits to determine if "(1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Commissioner's decision must be affirmed when there is substantial evidence to support the findings. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

"Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (internal quotations omitted). Conflicts in evidence are the purview of the Commissioner and are not for the Court to resolve or review de novo. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). Moreover, "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not

3

been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)).

## ANALYSIS

Plaintiff raises a compound issue on appeal: whether the ALJ erred in considering Plaintiff's mental restrictions, noted at steps two and three, when he performed the RFC assessment, and whether that allegedly flawed RFC impacted the fifth step in the analysis.

The RFC is a determination of what the applicant is still capable of doing despite his physical limitations. It is the ALJ's responsibility to determine the RFC, and the ALJ must consider all the evidence when making the determination. *Ripley,* 67 F.3d at 557.

Plaintiff contests the RFC finding of the ALJ, which was performed between steps three and four, as it was applied to the step five analysis regarding other jobs Plaintiff could perform. Plaintiff asserts that the ALJ's findings at step three that Plaintiff had moderate limitations in concentration, persistence, and pace required the ALJ to limit the Plaintiff to *simple* tasks in his RFC finding; however, the RFC finding stated that Plaintiff could carry out *detailed* instructions and tasks. Administrative R. [10] at 20.

At step three in the five-step sequential analysis, the ALJ must consider if the claimant satisfies a Listing. "An individual who 'meets or equals a listed impairment of Appendix 1' of the regulations will be considered disabled without consideration of vocational factors." *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (quoting C.F.R. §§ 404.1520(d), 416.920(d)).

Plaintiff focuses on the ALJ's consideration of Listings 12.04 for depressive, bipolar, and related disorders along with Listing 12.06 for anxiety and obsessive-compulsive disorders. Administrative R. [10] at 18-19. The ALJ considered the "paragraph B" criteria which discusses how mental disorders limit functioning in a work setting. *Id*.; 20 C.F.R. § 404, Subpart P,

Appendix 1, 12.00(A)(2)(b). The criteria used to assess mental functioning includes the ability to "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." *Id*. To satisfy this requirement, a claimant must demonstrate an extreme limitation in one of these areas or a marked limitation in two of the areas. *Id*.

The ALJ found that Plaintiff had moderate limitations in all four "paragraph B" criteria. Administrative R. [10] at 18-19. The ALJ did not find any marked or extreme limitations. *Id*. at 19. In the ALJ's opinion, Plaintiff did not meet Listing 12.04 or 12.06.

After making this finding, the ALJ specifically stated "The limitations identified in 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity (RFC) assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment." *Id*. at 19-20.

The SSA has stated in a regulation that "The adjudicator must remember that the limitations identified in the 'paragraph B' and 'paragraph C' criteria [for the listing of mental impairments] *are not an RFC assessment* used to rate the severity of the impairment(s) at steps 2 and 3 of the sequential evaluation process." SSR 96-8P (emphasis added). While a Social Security Administration ruling (SSR) is not binding on the Court, it may be consulted.[2] *See Ivey v. Barnhart*, 2001 WL 34043389, at *3 (N.D. Tex. Jan. 15, 2002) (citing *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001)).

---

[2] The Fifth Circuit has repeatedly relied upon SSR rulings when considering an ALJ opinion. *See Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000); *Scott v. Shalala*, 30 F.3d 33, 34 (5th Cir. 1994); *Spellman v. Shalala*, 1 F.3d 357, 362 (5th Cir. 1993).

As noted by the ALJ and the Social Security regulation or ruling, the Listing analysis for mental impairments does not necessarily dictate the outcome of the RFC analysis. In his remarkably concise yet thorough opinion, the ALJ provided a detailed history and analysis of Plaintiff's mental health issues. The ALJ performed a more complete analysis of Plaintiff's limitations than was done in the Listing analysis, as required by SSR 96-8P. *Id*. at 22-23, 25; *see McCoy v. Soc. Sec. Admin.*, 2012 WL 4903353, at *3 (S.D. Miss. Sept. 27, 2012) (holding the ALJ's finding of mildly limiting mental impairments at step two but failure to address those impairments later required remand). The ALJ did not err by finding moderate limitations in his Listing analysis while also concluding in the RFC finding that Plaintiff could perform detailed tasks, as these were two distinct analyses.

Plaintiff also asserts that the RFC was not supported by substantial evidence. He argues that a consultative examiner found that Plaintiff would "only be able to perform routine repetitive tasks." Pl.'s Br. [13] at 6. However, the exam report states only that, "He seems capable of performing routine repetitive tasks." Administrative R. [10] at 1008. This statement plainly fails to negate the substantial evidence that the ALJ relied upon to make the RFC finding.

It bears repeating that substantial evidence is defined as "more than a mere scintilla but less than a preponderance." *Ripley*, 67 F.3d at 555. This Court will not reweigh the evidence or question the Commissioner's credibility findings. *Chaparro v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987).

Multiple pieces of evidence in the record support the ALJ's RFC finding that Plaintiff had the ability to perform detailed tasks. For example, the ALJ noted in his RFC analysis that Plaintiff was able to earn not one, but two, associates degrees relating to cyber security, attend college classes despite his social anxiety, and did not exhibit issues with memory, concentration,

attention, or social anxiety during his assessment by Dr. Zakaras, a clinical psychologist. Administrative R. [10] at 25, 1007-1008. Because there was substantial evidence to support the RFC finding that Plaintiff could carry out detailed instructions and tasks, this Court will not disturb the ALJ's findings in that regard.

Plaintiff finally argues that this allegedly flawed RFC led the VE, at step five, to suggest semi-skilled jobs for Plaintiff to perform, when he should have been limited to only unskilled jobs. In a social security proceeding, the burden is on the claimant at steps one through four. *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999). The burden shifts to the Commissioner at step five. *Id*. If the Commissioner satisfies her burden at step five to demonstrate that there are other jobs the claimant can perform, the burden shifts back to the claimant to show that he cannot perform the work identified by the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

The VE testified that Plaintiff could perform the semi-skilled work of a semiconductor assembler, the unskilled work of a patcher, or the unskilled work of a lens inserter. *Id*. at 65. Even if the RFC were erroneous, Plaintiff has not explained why he cannot perform the two unskilled jobs proffered by the VE. Plaintiff argues that he can only perform simple and repetitive tasks but does not demonstrate why this limitation would prevent him from performing unskilled work.

The Commissioner met her burden at step five to demonstrate the availability of other work for Plaintiff and the RFC applied was supported by substantial evidence. But even if it were incorrect as to Plaintiff's ability to perform skilled work, Plaintiff did not demonstrate why he could not perform the unskilled work identified by the VE. As the ALJ's step-five analysis is

7

supported by substantial evidence and applied the correct legal standards, the Commissioner's decision must be affirmed.

## **CONCLUSION**

For the reasons stated herein, this Court finds the Commissioner's decision should be affirmed.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner of Social Security Administration is AFFIRMED.

SO ORDERED this the 8th day of November, 2018.

s/Michael T. Parker  
United States Magistrate Judge
